The United States Court of Appeals for the Ninth Circuit is now in session. Good morning, Council. Welcome to the Ninth Circuit. Before we proceed with our argument, I want to submit officially two cases on our docket. The first is Song v. Drenberg, and the second is Sanchez-Ruano v. Garland. Those two cases are now officially submitted, and we will now proceed to our first oral argument, which is the Shepherd v. Unknown Party. And I believe, Mr. Hilsendegger, you are the lead off here. Yes, thank you, Your Honor. Good morning. My name is, may it please the court, my name is Keith Hilsendegger. I'm with the Federal Public Defender's Office in Phoenix. And I represent in this case, the petitioner Dustin Shepherd. I, these two cases sort of present the same legal issues as I framed them. And so I, I'm not going to be too concerned about not getting rebuttal time in this one, as long as I can get it in the next one. But I will try to watch my clock and maybe organize it that way, if that's how things seem to be going. So this case and the other case, they're both like an oyster. In order to access the pearl inside, which is the underlying claim of ineffective assistance of counsel at sentencing, the court has to first pry open the escape hatch of section 2255 E, so that there's jurisdiction to entertain these habeas corpus petitions. And in both cases, I've accepted the court's usual framework of the two showings that are required in order to pry open the escape hatch, which is, there has to be a showing of actual innocence, a and a showing that there hasn't, the petitioner hasn't had an unobstructed procedural shot at raising the claim that shows that he is innocent in the way that he says. And both of these cases involve assertions that the, the petitioner is innocent because he does not qualify for a sentence that's based on a risk, one or more recidivist sentence enhancements. And in Allen versus Ives, the court, the court clarified that that is a qualifying claim of actual innocence and allowed these two cases to go forward, even though they present somewhat different flavors of the actual innocence claim. Counselor, can I ask you this, and this is different in the two cases. As you know, Judge Fletcher, who wrote Allen versus Ives, also in his concurrence, made it clear that where a petitioner received a mandatory sentence under a mandatory sentencing scheme, Allen versus Ives would apply. In this case, you really didn't have a mandatory sentencing scheme, did you? No, Mr. Shepard was sentenced in 2014, which is well after the Booker decision. But I contend that that shouldn't make a difference because of the anchoring effect that the Supreme Court has repeatedly said, the guidelines still have on the entire sentencing process under the advisory sentencing scheme. So you're saying even though technically it isn't mandatory, the, if you will, suasion of the commentary overcomes that? Is that what you're saying? I would maybe phrase it as their equivalent for purposes of making an assertion of actual innocence here. Because, I'm sorry, Judge Schroeder, did you have a question or no? No, I'm just trying to follow, go ahead, I'm trying to follow up. So the whole point of this career offender enhancement is to ratchet up the sentence so far that even though, like Mr. Shepard, he did get a significant downward departure for cooperation, but the magnitude of that departure may have been the same if he weren't a career offender, it's just that the starting point of that departure might have been much lower. Isn't it the difficulty though, counsel, that if I recall the logic of Allen vs. Ives, it's a little bit odd to say you're actually innocent of a sentence, but that's kind of like, and so you say you're actually innocent of a sentencing enhancement, but how can you be actually innocent of a non-mandatory sentencing, because you don't know, that's the whole point of actual innocence is you have to show that you actually were innocent, so if you kind of carry that logic over to a sentence, you say you have, we have a strong certainty that you wouldn't have gotten a sentence. Well, that's what the mandatory sentence was, right, that's what gives you the strong certainty is that it was mandatory. But if it's no longer mandatory, you kind of lose that certainty, and now it's difficult to analogize or say that this was a, that he's actually innocent of the sentence that he got. Well, I would use, in place of innocence in this context, another word that the case law uses is ineligible, and so he was not eligible for the career offender enhancement, and in the sense that the certainty under the mandatory guidelines scheme. I mean, to be clear, he was eligible for the, even without the enhancement, he would be eligible for the sentence he got. Yes, that's true. The judge could have exercised her discretion without the enhancement to give him the exact same sentence that he was given, but I guess my contention is that the anchoring effect of the guidelines is equivalent to the certainty that you were talking about, and it might have changed, it probably would have changed, there's a reasonable probability that it would have changed if you want to use the innocence language, that it would have changed at least the starting point of the sentencing calculus, if not the entire sentencing process. Counsel, is there any other circuit that you're aware of that's held that actual innocence should apply to individuals who were possibly given erroneous sentencing enhancements under the advisory guidelines? No, I'm not, your honor. If I may turn to the unobstructed procedural shot component, this is the part of the argument where I am arguing for an extension of, or an expansion of case law, because the court's usual framework for an unobstructed procedural shot is that there's a change in the law that after the direct appeal and first post conviction proceeding were over, and the change is somehow relevant to the petitioner's claim, and by positing this Martinez framework, I'm implicitly conceding that that's not a showing that we can make here, but I do think that there's a different kind of obstruction that went on here, in that, in Mr. Shepard's case, the first 2255 proceeding was squandered due to the ineffective assistance of his 2255 counsel. And if a state prisoner can use that kind of theory to overcome a procedural default, then it follows, I think, that a federal prisoner should be allowed to overcome a procedural default. Otherwise, he will have no post conviction review of this ineffective assistance of counsel at sentencing. And that's exactly- Your entire case hangs on being able to move forward with an IAC claim, right? Yes. My evaluation of the record in this case would depend on being able to go forward with this nested Martinez IAC at sentencing claim, yes. Thank you. Maybe at this point, it would be prudent for me to save the balance of my time for a little bit of rebuttal, and yield to my friend, Mr. Miskell. All right, Mr. Miskell. Excuse me, may I place the call now on Bob Miskell from the U.S. Attorney's Office in Tucson on behalf of the warden. In this case, Shepard received a sentence that was below the advisory guideline ranges whether or not he was categorized as a career offender. Because of that simple fact, he can't show that he's actually innocent of the sentence he received, and therefore, he can't avail himself of the escape hatch of 2255B. The bottom line is, his argument is essentially, he's actually innocent of a sentence he didn't receive, which would have been the guideline range for the career offender provision. The sentence he received was almost 20 years below that. The argument that the anchoring of the guidelines somehow may have affected the sentence, that's where you're getting into the idea of just, you're talking about a legal insufficiency, which this court, and the Supreme Court has held, is insufficient to establish actual innocence. So in your case, instead of dealing with the hypothetical, what could have happened, you're saying what really happened here, he can't possibly successfully argue that he's innocent of that, and he wasn't prejudiced because it was below the guideline sentence, is that correct? Yeah, he was, the argument is he was not innocent of the sentence he received because it was well below, and Allen V. Ives doesn't help because Allen V. Ives makes it very clear that the reason Allen V. Ives came out the way it did was because Mr. Allen received an enhanced sentence based on the career offender provision, which did not happen here. And doesn't he also have to show that he had a right to effective assistance of counsel and post-conviction relief proceeding? That's correct, that's correct, but I don't even think you need to get there because he Any questions by my colleagues? Very well, because as you both know, we always appreciate brevity, so thank you for that. So Mr. Hilsendegger, your friend has left off earlier than you maybe thought was going to happen, you've got a little bit of time left in this case, do you want to use that? I would like to just address Judge Schroeder's question. It's not, I mean even in Martinez, even for state prisoners, the showing is not that there's a right to post-conviction counsel that was violated because Martinez expressly says we are not creating a constitutional right to the effective assistance of counsel. What Martinez did is create an equitable exception and imported the ineffective assistance framework there. And my contention is that the court could interpret the words inadequate or ineffective in section 2255E to encompass an argument that ineffective assistance of post-conviction counsel or absence of post-conviction counsel. But before we even get to that, isn't your colleague correct that in this case, Mr. Shepard having received a below guideline sentence isn't innocent of that sentence? In other words, he's not, he can't meet the threshold to get to the IAC claim. What's wrong with that argument? Other than that you disagree with it. Other than that I disagree. I guess my only response to that your honor is that I would go back to the ineligibility framework for the enhancement. He wasn't eligible for the career offender enhancement and that poisoned the entire sentencing process. There's a reasonable probability that Mr. Shepard would have gotten a lower sentence if the judge, if the parties hadn't agreed that he in fact was a career offender. And with that, I'll ask the court to reverse. Very well. So we'll then submit this case of Shepard v. Unknown Party to the warden.
judges: Schroeder, M. Smith, Vandyke